IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| SOPHIA WILANSKY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MORTON COUNTY, NORTH DAKOTA; "JOHN DOE" law enforcement officer in his personal capacity; KYLE KIRCHMEIER, in his personal and official capacities; PAUL LANEY, in his personal capacity; and THOMAS IVERSON, in his personal capacity,<br><br>　　　　　　Defendants. | Case No.  1:18-cv-00236<br><br>**PLAINTIFF'S PROPOSED SCHEDULING/DISCOVERY PLAN** |

　　　　As required by Rule 26(f), counsel for Plaintiff has attempted on multiple occasions to meet and confer with opposing counsel to develop a proposed discovery plan.  Counsel for Thomas Iverson and counsel for the remaining Defendants have both refused all of Plaintiff's requests to meet and confer.  Because Rule 26(f)(2) and Rule 16(b)(2) collectively prescribe that the parties' proposed discovery plan is due today and opposing counsel has declined to meet and confer, Plaintiff submits the following proposed Plan for the Court's consideration.  Plaintiff respectfully requests that the Court adopt this plan as its Rule 16(b) scheduling order or set a scheduling conference at its convenience.

　　　　1.　　Initial Disclosures.  The parties shall by March 1, 2019 make their Rule 26(a)(1) initial disclosures.  The initial disclosures shall include three parts: (a) the name of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (b) a description by category and location of all documents, electronically stored

information ("ESI"), and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; and (c) a copy of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.  The parties shall engage in a reasonable and good faith investigation into the persons who may have discoverable information and the categories of documents that may be relevant to the action prior to making their Rule 26(a)(1) initial disclosures.

     2.     <u>Topics for Discovery</u>.  The issues on which the parties need to conduct discovery are:  (1) the identity of the individual who injured Ms. Wilansky on November 21, 2016; (2) the circumstances surrounding this injury; (3) the monetary value of the damages caused by this injury; (4) the role of government entities, agencies, and agents in equipping and training the law enforcement agents present when Ms. Wilansky was injured; (5) the circumstances surrounding and results of any governmental investigation(s) into Ms. Wilansky's injury; (6) the circumstances surrounding the publication of statements accusing Ms. Wilansky or other Dakota Access Pipeline protesters of causing Ms. Wilansky's injury; and (7) any internal communications among law enforcement agents and/or among local municipal agents regarding the nature and cause of Ms. Wilansky's injury.

     3.     <u>Fact Discovery</u>.  The parties shall have until August 30, 2019, to complete fact discovery and until September 13, 2019, to file any discovery-related motions.  To facilitate an orderly discovery process, including depositions, documents requested on or before March 8, 2019 shall be produced no later than May 31, 2019.

4. <u>Expert Reports</u>.  The parties shall provide the names of expert witnesses and complete reports under Rule 26(a)(2) by September 27, 2019.  Rebuttal expert reports shall be completed by October 18, 2019.

5. <u>Expert Depositions</u>.  The parties shall have until November 1, 2019, to complete discovery depositions of expert witnesses.

6. <u>Joinder of Parties, Amendment of Pleadings, and Other Non-Dispositive Motions</u>.  The parties shall have until August 30, 2019, to move to join any additional parties or amend the pleadings or file other non-dispositive motions (other than pretrial motions such as motions in limine).

7. <u>Threshold Motions</u>.  The parties shall have until January 22, 2019, to file threshold motions, such as statute of limitations, qualified immunity, and jurisdiction.  Discovery shall not be stayed during the pendency of such motions.

8. <u>Summary Judgment</u>.  The parties shall have until November 29, 2019, to file any summary judgment or other dispositive motions.

9. <u>Discovery Limits</u>.  Each side shall each serve no more than 25 interrogatories, including subparts.  No broad contention interrogatories (i.e., "list all facts supporting your claim that…) shall be allowed.  Each side shall be entitled to take up to 10 discovery depositions.  Absent agreement of the parties, any additional depositions will require leave of Court.

10. <u>Evidence Depositions</u>.  Depositions taken for presentation at trial shall be completed 21 days before trial.

11. <u>Settlement and Alternative Dispute Resolution</u>.  The parties have not discussed alternative dispute resolution or settlement.  Plaintiff is amenable to such discussions.

12. <u>Protective Order and ESI Protocol</u>.  The parties shall meet and confer to create a suitable Protective Order covering the disclosure of documents and information in discovery in this case.  Recognizing that discovery in this case will likely involve sensitive information, the parties may create a two-tier Protective Order that includes a designation of "Attorneys' Eyes Only" for highly sensitive information.  The parties shall meet and confer to create an ESI Protocol to govern the collection, culling, and production of electronically stored information in this case.  The parties will submit a proposed Protective Order and a proposed ESI Protocol to the Court by March 15, 2019.

13. <u>Discovery Status Conference</u>.  Plaintiff believes that a mid-discovery status conference would be helpful in this case.  An appropriate time for the conference would be early June 2019, after document discovery is complete.

14. <u>Magistrate Judge</u>.  The parties have not waived their rights to proceed before a district judge and did not consent to have a magistrate judge conduct any further proceedings in this case.

15. <u>Jury Trial</u>.  The trial of this case will be before a jury.  The estimated length of trial is two weeks.

Dated:  January 14, 2019               Respectfully submitted,

*/s/ Benjamin M. Stoll*
Benjamin M. Stoll
Edward C. Barnidge
WILLIAMS & CONNOLLY LLP
725 Twelfth Street Northwest
Washington, DC 20005
(202) 434-5000
ebarnidge@wc.com
bstoll@wc.com

*Attorneys for Plaintiff*

4