# IN THE UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Sophia Wilansky, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Morton County, North Dakota, et. al., | ) | Case No. 1:18-cv-236 |
| | ) | |
| Defendants. | ) | |

Plaintiff initiated the above-entitled action by Complaint on November 19, 2018. On November 20, 2018, the parties filed a stipulation in which they agreed to extend defendants' deadline for filing answers or other responsive pleadings until January 22, 2019.

On January 14, 2019, plaintiff filed a proposed Scheduling and Discovery Plan. Therein she requests that the court either adopt her proposed plan as its Rule 16(b) scheduling order or calendar a scheduling conference with the parties at its earliest convenience.

Rule 16(b)(2) of the Federal Rules of Civil Procedure provides: "The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

Counsel entered appearances on behalf of Defendants Kyle Kirchmeier and Paul Laney on November 20, 2018. Counsel entered appearances on behalf of Defendant Thomas Iverson on November 28, 2018. Thus, under Rule 16(b)(2), it would appear that the court has until January 28, 2018, to issue a scheduling order unless it finds good cause for delay.

The court finds that such cause exists in this case. First, defendants' deadline for filing

1

answers or other responsive pleadings has yet to lapse. Second, this litigation involves governmental entities which, as a practical matter, may require additional time to establish meaningful collaboration between counsel and the people who can supply the information needed to participate in a useful way. Third, the court is reluctant to impose scheduling and discovery deadlines without everyone's input.

The court typically employs the following protocol in civil cases. Once defendants have filed answers, the court directs the parties to submit a joint scheduling plan and calendars a scheduling conference. The court sees no compelling need to deviate from this protocol in the present case.

Insofar as plaintiff's scheduling and discovery plan was filed as a motion for discovery (Doc. No. 24), it shall be administratively termed. The court shall calendar a scheduling conference as necessary at a date and time to be determined.

**IT IS SO ORDERED.**

Dated this 16th day of January, 2019.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court