IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Sophia Wilansky,<br><br>                            Plaintiff,<br><br>vs.<br><br>Morton County et al.,<br><br>                           Defendants. | Case No. 1:18-cv-00236 |

**ORDER GRANTING, IN PART, AND DENYING, IN PART
MORTON COUNTY DEFENDANTS' MOTION FOR COSTS AND
GRANTING DEFENDANT DVORAK'S MOTION FOR COSTS**

[¶1]   THIS MATTER comes before the Court on two Motions for Costs and Disbursements filed by Defendants Morton County, Kyle Kirchmeier, and Jonathan Moll ("Morton County Defendants") on April 16, 2024 (Doc. No. 297) and by Defendant Adam Dvorak ("Dvorak") on April 22, 2024 (Doc. No. 299). Plaintiff, Sophia Wilansky ("Wilansky") filed a consolidated Response on April 30, 2024. Doc. No. 303. Dvorak filed a Reply on May 7, 2024. Doc. No. 306. Morton County Defendants filed a Reply on May 8, 2024. Doc. No. 309. For the reasons set forth below, Morton County Defendants' Motion is **GRANTED**, **in part**, **and DENIED**, **in part**, and Dvorak's Motion is **GRANTED**.

**DISCUSSION**

    **I.**    **Costs and Disbursements Standards**

[¶2]   Rule 54(d) of the Federal Rules of Civil Procedure provides costs other than attorneys' fees "should be allowed to the prevailing party" absent a prohibition by federal statute, rule, or court order. However, a district court has considerable discretion in awarding costs. Marmo v. Tyson

Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006); Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000). "A prevailing party is presumptively entitled to recover all of its costs." In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005). Rule 54(d) "represents a codification of the presumption that the prevailing party is entitled to costs." Greaser v. Mo. Dep't of Corr., 145 F.3d 979, 985 (8th Cir. 1998). "However, such costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization." Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006).

[¶3]    Under 28 U.S.C. § 1920, courts may award the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although a prevailing party is presumptively entitled to recover costs allowed by 28 U.S.C. § 1920, the submitted bill of costs should always be given careful scrutiny. Koppinger v. Cullin–Schiltz and Assocs., 513 F.2d 901, 911 (8th Cir. 1975).

## II.    Wilansky's Indigency and Chilling Effect

[¶4]    Wilanksy argues the Court should decline to impose fees due to her indigency and because imposition of fees under the circumstances will have a chilling effect on plaintiffs who wish to bring civil rights actions.

[¶5]    Neither Rule 54(d) nor 28 U.S.C. § 1920 require the Court to deny an award of permissible recoverable costs based on a party's indigency or inability to pay. Porter v. McDonough, No. 09-2536, 2011 WL 821181, at *2 (D. Minn. Mar. 2, 2011) ("While inability to pay may support

denying costs, it does not mandate it."). The Court must consider indigency, but this is not dispositive. See Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003) ("Because the district court properly considered Lampkins's indigency and incarceration before assessing costs, the district court did not abuse its discretion in taxing costs against Lampkins.").

[¶6]    Wilanksy's indigency is not sufficient to overcome Rule 54(d)'s presumption of an award of costs. See In re Derailment Cases, 417 F.3d 840, 845 (8th Cir. 2005) (upholding costs based on the district court's implicit consideration of plaintiffs' financial means and the disparity between plaintiffs and the two corporate defendants, finding "[w]e have upheld the award of costs under Rule 54(d) in similar situations in which the district court considered the economic hardship of the parties against who costs were assessed.").

[¶7]    Awarding costs under the circumstances here will also not chill civil rights claims. Congress has not specifically exempted civil rights plaintiffs from having costs and disbursements taxed against them. Jacobs v. Cty. of Hennepin, No. 19-cv-2879, 2021 WL 509284, at *3 (D. Minn. Feb. 11, 2021). Indeed, "Congress has chosen to encourage civil-rights lawsuits in a number of ways, most notably by allowing prevailing plaintiffs to recover their attorney's fees." Id. (citing 42 U.S.C. § 1988(b)). With Rule 54(d)'s presumption of costs, civil rights plaintiffs must choose between the risk of cost taxation in the event they lose the lawsuit and the benefit of an award of attorneys' fees in the event they win. See Porter, 2011 WL 821181, at *2 ("While taxing costs against a losing party may lead one to pause before filing a lawsuit, Rule 54(d)'s presumption nonetheless evinces a general policy in favor of the practice."). This choice provides a strong basis that awarding costs under the circumstances will not chill civil rights claims.

### III.    Morton County's Requested Costs and Disbursements

[¶8]    Morton County Defendants ask for the following costs to be assessed against Wilansky:

- Transcript costs totaling $19,720.35 under 28 U.S.C. § 1920(2):
  - $77.40 for a motion hearing transcript in Wilansky v. USA, et al., case number 18-cv-316;
  - $509.95 for the transcript of attempted deposition of Steve Martinez;
  - $3,905.10 for the deposition of Sophia Wilansky;
  - $1,210.70 for the deposition of Sheriff Kyle Kirchmeier;
  - $1,472.05 for the deposition of Derek Arndt;
  - $1,472.05 for the Rule 30(b)(6) deposition of Morton County;
  - $2,783.85 for the deposition of Brandi King;
  - $971.95 for the continued Rule 30(b)(6) deposition transcript of Morton County;
  - $1,105.80 for the transcript of the first attempted deposition of Justin Cohen;
  - $5,226.10 for the deposition transcript of Stephen Joachinson; and
  - $985.40 for the transcript of the second attempted deposition of Justin Cohen.

- Costs and disbursements totaling $1,258.50 for printing and witnesses under 28 U.S.C. § 1920(3):
  - $112.50 for an open records request to the Office of Attorney General, Bureau of Criminal Investigation Records;
  - $45.00 for witness fee and mileage to attend Steve Martinez's deposition;
  - $50.00 for Justified Process Service, LLC, the process server for Steve Martinez's subpoena;
  - $45.00 for witness fee and mileage to attend Richard Fischer's deposition;
  - $30.00 for SWO Tribal Court—service of process of subpoena of Steve Martinez;
  - $645.00 for Ben Butler Investigations—locate, service of process and witness fee for Stephen Joachinson's attendance at deposition;
  - $135.00 for Attorney Services of Northeast Ohio—service of process and witness fee for Justin Cohen's attendance at first deposition; and
  - $196.00 for Attorney Services of Northeast Ohio—service of process and witness fee for Justin Cohen's attendance at second deposition.

- Costs and disbursements totaling $26,575.89 for exemplification and making copies of any materials necessarily obtained for use in the case under 28 U.S.C. § 1920(4):
  - $9,851.49 for Stillman Cyber Forensic Investigations, LLC—cellphone preservation and extraction;
  - $16,029.73 for Computer Forensic Resources—forensic extractions of cellphone data, email searches, technical services related to production of electronically stored information based on discovery requests and agreed upon search terms by the parties, bates labeling, and evidence storage;
  - $20.00 for Wilansky's ambulance records from Metro Area Ambulance;
  - $47.64 for Wilansky's treatment records and x-rays from Sanford Health; and
  - $627.03 for Wilanksy's treatment records from Hennepin Healthcare.

Doc. No. 297, pp.1-3. Morton County Defendants' total costs request is for $47,554.74.

### A. Deposition Costs

[¶9]   Morton County Defendants seek a total of $19,720.35 in deposition costs. Wilansky argues most of the deposition expenses are not taxable under 28 U.S.C. § 1920(2) as they were not necessary for obtaining judgment. Wilansky claims the Court cannot assess costs for: (1) both deposition transcripts and videos; (2) shipping, handling, and delivery charges; (3) multiple transcript formats; (4) conference room fees; (5) overtime court reporter fees; (6) unexplained reporter expense; (7) court reporter cancellation fees; (8) extra copies of transcript; and (9) synchronizing video.

[¶10]   When charging for deposition costs, courts look to whether the "depositions reasonably seemed necessary at the time they were taken." Zotos v. Lindberg School Dist., 121 F.3d 356, 363 (8th Cir. 1997) (cleaned up) (quoting Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1184 (Fed. Cir. 1996)). Whether the depositions at issue here were used in obtaining judgment in favor of Morton County Defendants is immaterial. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) ("[E]ven if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in [a] criminal case and was not purely investigative." (cleaned up) (citation omitted)). The Court has reviewed the entire record and concludes the depositions were reasonably necessary at the time they were taken. However, there are certain costs associated with the deposition invoices that are not taxable.

[¶11]   Wilansky claims the Court is prohibited from charging $8,714.80 for both the deposition transcripts and videos. Deposition transcripts and videos of the same deposition are taxable in the Eighth Circuit. Gonzalez v. Shahin, 77 F.4th 1183, 1192 (8th Cir. 2023) ("A district court may tax deposition transcript and video costs if the deposition was necessarily obtained for use in a case and was not purely investigative." (cleaned up")). Given the overall complexity of this case,

Morton County Defendants have shown the video depositions and transcripts were necessarily obtained for use in the case and they were not purely investigative. The Court will tax the $8,714.80 for deposition transcripts and videos under 28 U.S.C. § 1920(2).

[¶12]   Wilansky argues the shipping, handling, and delivery costs are not taxable. Wilansky specifically points to fees on the invoices on the Kirchmeier/Moll bill for: (1) $71 for shipping; (2) $40 for handling; (3) $325 for processing and compliance; and (4) $279 for logistics, processing, and electronic files. See Doc. No. 297-1, p. 3, 5-9, 12-14, 16, 19. Defendants argue courts in the Eighth Circuit have taxed costs for shipping and handling fees. The shipping and handling fees are not taxable. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) ("[Plaintiff] should not have been taxed the delivery costs for these depositions" because "Section 1920 does not authorize taxing Smith for the defendants' postage and delivery expenses."). The Defendants have not provided justification for the $325 for processing and compliance and $279 for logistics, processing, and electronic files are bound up in the $111 for the shipping and handling of the transcripts. These charges will not be taxed under 28 U.S.C. § 1920.

[¶13]   Wilansky argues $175 noted in the Morton County Defendants' invoices as "condensed transcripts" are not taxable. This appears to be a charge for multiple transcript formats. Courts within the Eighth Circuit are split on this issue. In Chism v. New Holland N. Am., Inc., the court noted "courts have rejected awarding the expense of obtaining depositions in multiple electronic formats, absent a showing of some necessity." No. 2:07-cv-150, 2010 WL 1961179, at * 4 (E.D. Ark. May 13, 2010). More recently in Jacobson Warehouse Co., Inc. v. Schnuck Mkts., Inc., the court awarded costs associated with condensed transcripts, such as here, concluding, "[g]iven the scope of Schnucks' allegations, the amount of damages sought, and the expansiveness of Schnucks' discovery requests, the Court finds it was reasonably necessary for XPO to incur these

costs for use in this complex case." No. 4:17-cv-764, 2020 WL 853736, at * (E.D. Mo. Feb. 20, 2020). The Court is persuaded by the reasoning in Jacobson Warehouse. This has been a complex case, involving years of litigation, with several dispositive and non-dispositive motions filed. Because of this, this Court finds it was reasonably necessary for the Morton County Defendants to incur this fee. Accordingly, Wilansky will be taxed the fees associated with the condensed transcripts.

[¶14] Wilansky objects to a $190 conference suite and amenities fee noted on the Kirchmeier/Moll invoices, $240 for after-hours overtime for court reporter, $190 for cancellation fees, and $150 for other expenses. Defendants argue the conference room and amenities fee was necessarily incurred to facilitate Cohen's depositions and the cancellation charges related to Martinez's failure to appear for his deposition. Defendants justify these expenses under 28 U.S.C. § 1920(2) which allows the court to tax "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Regarding the $190 conference suite and amenities fee, $190 for cancellation fees, and $150 for other expenses, the Defendants' arguments stretch the meaning of 28 U.S.C. § 920(2) too thin. The permitted charges are for the printed or electronically recorded transcripts. 28 U.S.C. § 1920(2). The statute does not permit charging these various associated and incidental fees. Wilansky will not be taxed $190 for the conference suite and amenities fee, $190 for cancellation fees, and $150 for other expenses. However, the $240 for the after-hours overtime for court reporter fee will be charged because it is directly related to the reporter's services. Without the reporter's work, the transcripts would not be produced. Accordingly, the Court will charge $240 for the after-hours overtime.

[¶15]   Wilanksy argues $1,498.85 for "Deposition – Original & 1 Copy" (Doc. No. 196-1, p. 10) is unjustified. The Court sees little difference between an original plus one copy of a deposition

and charging for a printed transcript and video of the same deposition. The Defendants have shown each transcript and video was reasonably necessary for the case and Wilansky has failed to show otherwise. The same holds true for this original plus one copy. Morton County Defendants have shown how each deposition have been necessary for this case. Accordingly, the Court will tax Wilansky for this charge.

[¶16]   Wilansky argues $290 for synchronizing video for the depositions is not taxable. See Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC, No. 4:11-cv-1299, 2014 WL 1729152, at *1 (E.D. Mo. May 1, 2014) ("I also agree that the charges to synchronize the videotape to the deposition transcripts are not recoverable as costs."). Morton County Defendants argue the Court should follow out-of-Circuit cases that permit taxing transcript synchronization. See Colosi v. Jones Lang LaSalle Americas, Inc., 781 F.3d 293, 295-96 (6th Cir. 2015) (finding "no abuse of discretion in the award of synchronization costs"); Hynix Semiconductor Inc. v. Rambus Inc., 697 F. Supp. 2d 1139, 1150-51 (N.D. Cal. 2010). Morton County Defendants' position is against the weight of authority from courts in the Eighth Circuit. See, e.g., Steak N Shake Inc. v. White, No. 4:18-cv-72, 2021 WL 4847954, at *2 (E.D. Mo. Oct. 18, 2021) (agreeing with other courts a synchronization fee is a "convenience fee" and not taxable under 28 U.S.C. § 1920(2)); Bohner v. Union Pac. R.R. Co., No. 4:19-cv-2581, 2022 WL 970872, at *6 (E. D. Mar. 31, 2022) (finding an award of synchronization fees under 28 U.S.C. § 1920 is impermissible); Wright v. Rolette Cty., No. 4:03-cv-23, 2006 WL 8440307, at *3 (D.N.D. June 1, 2006) (denying an award of costs for video synchronization and not taxable under 28 U.S.C. § 1920(2)). The Court agrees with the wealth of cases from within the Eighth Circuit. The $290 video synchronizing fee will not be taxed to Wilansky.

[¶17]   Wilansky argues she should not be taxed for the transcript fee of $77.40 for the motion hearing in <u>Wilansky v. United States</u>, No. 18-cv-316 (D. Minn.). Morton County Defendants argue the transcript was reasonably necessary to this case because the hearing dealt with a motion to return property seized by the United States from Wilanksy in relation to the explosion that occurred in this case. The Court concludes the transcript was reasonably necessary for this case given its close relationship to the underlying causes of action here as well as the representations made by Wilansky's counsel that related to the evidence collected and its preservation. The hearing transcript costs are taxable under 28 U.S.C. § 1920(2).

[¶18]   The Court will tax Wilansky a total of $18,185.35 on Morton County Defendants' deposition costs request.

### B.   Attorney General Records and Wilansky's Medical Records

[¶19]   Wilansky argues the $112.50 in costs for Attorney General records and $694.67 in costs for her medical records were not necessarily obtained for use in the case because this case was resolved on a motion to dismiss. The Eighth Circuit has held it is not an abuse of discretion to deny a request for taxation of discovery-related copying costs. <u>Little Rock Cardiology Clinic PA v. Baptist Health</u>, 591 F.3d 591, 601-02 (8th Cir. 2009). But <u>Little Rock Cardiology</u> does not mandate district courts deny such requests. The Attorney General records and Wilansky's medical records dealt extensively with the explosion and her subsequent injuries. They were vital to both sides under the circumstances of this case. As such, the Court will tax $112.50 for the Attorney General records under 28 U.S.C. § 1920(3) and $694.67 for Wilansky's medical records under 28 U.S.C. § 1920(4).

### C. Private Process Server Fees

[¶20] Morton County Defendants argue they are entitled to a total of $870 for process server fees relying on Barrera v. Weiss & Woolrich S., 900 F. Supp. 2d 1328 (S.D. Fla. 2012), which found process server fees were taxable under 28 U.S.C. § 1920. In the Eighth Circuit, however, private process server fees are not taxable under 28 U.S.C. § 1920 because it "contains no provision for such expenses." Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985). Accordingly, the Court will not tax $870 for process server fees as requested by Morton County Defendants.

### D. Witness Fees

[¶21] Wilansky argues $276 in witness fees are not taxable because the witnesses' testimony was not crucial to the issues or necessary to the litigation. Morton County Defendants have withdrawn their request for Richard Fisher's witness fee in the amount of $45. The remaining disputed total for witness fees is, therefore, $231.

[¶22] In the Eighth Circuit, "witness fees will not be taxed . . . if the witness is deposed but the transcript is not used at trial or in support of a motion." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 763 (8th Cir. 2006). From the Courts review of the record, none of the depositions at issue here were used to support a motion in this case. Accordingly, the Court will not tax Wilansky the $231 in witness fees requested by the Defendants.

### E. Forensic Cellphone Extractions and Related Costs

[¶23] Morton County Defendants ask the court to impose a total of $25,881.22 for cellphone extractions and related costs. Wilansky challenges the appropriateness of the charges set forth in the invoices provided in the record.

[¶24] Courts may tax the costs for "exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

"Although the Eighth Circuit has not yet addressed the extent to which electronically stored information ("ESI") related charges are taxable under § 1920(4), other Circuit courts and courts within the Eighth Circuit permit recovery of ESI costs if the costs fall within the meaning of 'exemplification' or 'making copies.'" Inline Packaging, LLC v. Graphic Packaging Int'l, LLC, No. 15-3183, 2019 WL 3387777, at *4 (D. Minn. July 26, 2019) (collecting cases). The term "making copies" has been "interpreted to include scanning documents and converting native files to a readable format." Id. Storage fees and user fees have also been found to be recoverable. Jacobson Warehouse, 2020 WL 853736, at *6.

[¶25]   As an initial matter, the Court will not impose fees for the $908.71 in taxes collected on any of the bills because the taxes are incidental to the extraction and preservation process do not fall within the meaning of "exemplification" or "making copies." Doc. No. 297-3, pp. 6-17.

[¶26]   Beginning with the Stillman Cyber Forensic Investigations (Doc. No. 297-3, p. 2), Morton County Defendants ask the Court for $9,851.49 for charges associated with cellphone extractions. The Court concludes $1,050 for processing the SRO phones is collectable because it appears to be part of the actual extraction process. The remaining charges are either too vague in their description for determining whether they are taxable under 28 U.S.C. § 1920(4) or are unrelated to the actual cellphone extraction and preservation or " to be counted as "copying" costs under 28 U.S.C. § 1920(4). The Court will tax a total of $1,050 for this invoice.

[¶27]   The Court will address the Computer Forensic Resources invoices in turn. For the invoice dated December 30, 2022 (Doc. No. 297-3, p. 3) totaling $960, the 1.3-hour charge for "CZ – Review and detail content of data stored on the Western Digital 1.0TB WD Red NAS Hard Drive (SN: WCC4J6FPSEPP). Create spreadsheet with officer and extraction information" for a total charge of $390 is taxable under 28 U.S.C. § 1920(4). The conduct described is part of the extraction

and preservation process appears to be a review for accuracy of the data. This is reasonably related to "making copies." The remaining charges relating to email and the declaration are unrelated to this process and too attenuated to be deemed exemplification or copying under 28 U.S.C. § 1920(4). The Court will tax a total of $390 for this invoice.

[¶28]   For the invoice dated April 28, 2023 (Doc. No. 297-3, pp. 4-6) totaling $9,320.97, the court will not tax items: (1) "CZ- Email correspondence with Lori Re: status update" for $30, (2) "CZ- Email correspondence with Counsel & Lori Re: status update" for $30, (3) "CZ – Phone call with Lori Re: case status; keywords, etc." for $30, and (4) "Postage and Delivery – UPS for flash drive to BGW" for $12.47. Doc. No. 297-3, pp. 5-6. The remaining charges are directly related to the cellphone extraction and preservation process and thus analogous to "copying" under 28 U.S.C. § 1920(4). The Court will tax a total of $9,218.50 for this invoice.

[¶29]   For the invoice dated May 31, 2023 (id at 7) totaling $590, the Court will not tax (1) "CZ – Phone call with Lori Steckler Re: search terms" at $60 and (2) "CZ – Email correspondence with Steckler Re: false-positive explanations" for $60. Id. The remaining two charges will be taxed because they are directly related to the cellphone extraction and preservation process and thus analogous to "copying" under 28 U.S.C. § 1920(4). The Court will tax a total of $470 on this invoice.

[¶30]   The invoices dated June 30, 2023, July 31, 2023, August 31, 2023, September 29, 2023, October 31, 2023, December 29, 2023, January 31, 2024, February 29, 2024, and March 29, 2024, each containing a sole charge for $350 for a "Monthly Hosting Fee" with a combined total of $3,150. Id. at 8-12, 14-17. The Court concludes this charge is directly related to the cellphone extraction and preservation process and thus analogous to exemplification or copying under 28 U.S.C. § 1920(4). The Court will tax a total of $3,150 on these invoices.


[¶31]   Finally, for the invoice dated November 30, 2023 (id. at 13) totaling $1,100, the Court will not tax the charges for (1) "CZ – Phone and email correspondence with Lori Steckler Re: new search request for phone and email data" for $90 and (2) "CZ – Email correspondence with Lori Re: findings/results of manual review of new keyword searches on cell phone reports" for $30. The remaining charges are directly related to the cellphone extraction and preservation process and thus analogous to "copying" under 28 U.S.C. § 1920(4), in addition to the "Monthly Hosting Fee." The Court will tax a total of $980 on this invoice.

[¶32]   The Court concludes the total cellphone extraction costs will be taxed at $15,258.50 as exemplification and copying costs under 28 U.S.C. § 1920(4).

### F.   Conclusions as to Morton County Defendants' Motion for Costs

[¶33]   Pursuant to 28 U.S.C. § 1920(2), the Court will tax a total of $18,185.35 for costs associated with the depositions taken in this case.

[¶34]   Pursuant to 28 U.S.C. § 1920(3), the Court will tax a total of $112.50 for the Office of Attorney General – Bureau of Criminal Investigation Records (Open Records Request).

[¶35]   Pursuant to 28 U.S.C. § 1920(4), the Court will tax a total of $15,953.17 for the cellphone extractions and preservations and preservations as well as for copies of Wilansky's medical records.

[¶36]   The total taxable costs awarded to Morton County Defendants is $34,251.02.

### IV.   Dvorak's Requested Costs

[¶37]   Dvorak asks for the following costs to be assessed against Wilansky, both under 28 U.S.C. § 1920(2):

- $2,002.60 for the deposition transcript of Stephen Joachinson, and
- $1,472.05 for the deposition transcript of Derek Arndt.

Doc. Nos. 299; 299-1. Wilansky argues Dvorak did not file receipts or other proofs to support his request for deposition costs. This is contrary to the record. Dvorak has filed the receipts for the depositions for which he seeks costs. Doc. No. 299-1. As discussed above, the depositions were also necessarily obtained for use in this case. 28 U.S.C. § 1920(2) (permitting taxation of costs for "printed or electronically recorded transcripts necessarily obtained for use in the case"). Accordingly, Wilansky will be taxed a total of $3,474.65 for deposition costs as requested by Dvorak.

## CONCLUSION

[¶38] For the reasons set forth above, Morton County Defendants' Motion for Costs is **GRANTED, in part, and DENIED, in part**, and Dvorak's Motion for Costs is **GRANTED**. The Clerk of Court is directed to enter an Amended Judgment reflecting the following taxable costs:

- To Morton County Defendants:
  - $18,185.35 for costs associated with depositions pursuant to 28 U.S.C. § 1920(2).
  - $112.50 for Office of Attorney General – Bureau of Criminal Investigations Records (Open Records Request) pursuant to 28 U.S.C. § 1920(3).
  - $15,953.17 for cellphone extractions and preservations as well as copies of Wilansky's medical records pursuant to 28 U.S.C. § 1920(4).
  - Morton County Defendant's total cost award shall be $34,251.02.

- To Defendant Dvorak:
  - $3,474.65 for deposition transcript costs pursuant to 28 U.S.C. § 1920(2).

[¶39] **IT IS SO ORDERED**.

DATED September 23, 2024.

Daniel M. Traynor, District Judge
United States District Court